UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack Leon LUCAS, Defendant-Appellant.

No. 78–1347.

United States Court of Appeals,
Tenth Circuit.

Argued March 12, 1980.

Decided April 14, 1980.

Louis W. Bullock of Chapel, Wilkinson, Riggs, Abney & Keefer, Tulsa, Okl., for defendant-appellant.

Christine Fitzgerald Soltis, Asst. U. S. Atty., Salt Lake City, Utah (Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah, with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

The defendant was convicted and sentenced to prison for bank robbery in violation of 18 U.S.C. § 2113(a). That section deals with robbery committed by "force and violence, or by intimidation." On appeal defendant claims insufficient evidence to support a jury finding of intimidation. The government does not claim either force or violence in this case.

The reasonable evidence viewed in support of the jury verdict shows that the defendant entered the bank wearing a mask and gloves. He was carrying a toy pistol. When the teller he approached refused to respond to his command to give him money, he jumped over the counter and seized money from that teller's station and then from other stations. While the testimony reflects that all the tellers at some point recognized the gun to be a toy and all acknowledged that their primary motivation in taking no action was the standard bank instructions for dealing with robberies, there was substantial direct evidence of intimidation. The first teller testified she

was frightened by defendant's conduct. She also testified that she attempted to set off the alarm, "but I was pretty shaken up, so I was shaking." Record, supp. vol. 1, at 48. Another teller testified that although she was fairly sure the gun was a toy, she did not want to cause any commotion or "take any chances in case it might hurt someone else." *Id.* at 105. There was ample evidence that the victim tellers viewed the robbery seriously and were concerned for what might occur. This evidence is sufficient for the jury to conclude beyond a reasonable doubt that the subjective intimidation indicated by the witnesses arose from objectively intimidating facts, thus satisfying the statutory requirement of "intimidation." It is not necessary for us to reach the issue of whether the element of intimidation may be shown by indirect as opposed to direct evidence.

 Defendant also complains that he was denied the right to manage and conduct his own defense. The defendant does not allege inadequate representation, but complains that he was not allowed sufficient control over his defense. The court held a pretrial hearing concerning defendant's complaints, wherein defendant requested the court to instruct his counsel to do a variety of things. The court refused that request but informed the defendant of his right to represent himself. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The court repeatedly asked defendant if he wished to be represented by his appointed counsel or to proceed pro se. The court also offered the defendant advisory counsel if he chose to represent himself. Defendant consistently replied that he would rather have his appointed counsel than to proceed pro se. Apparently he wanted a hybrid representation in which he could participate as co-counsel and still have the services of appointed counsel in more than an advisory role, but subject to his direct control in matters of strategy, examination of witnesses and other functions. The trial court certainly has discretion to permit a true hybrid representation if counsel is willing. *United States v. Hill,* 526 F.2d 1019, 1023–25 (10th Cir.

1975), *cert. denied,* 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976). However, as *Hill* points out, the trial court's determination on that issue will not be overturned absent an abuse of discretion. *See also United States v. Bennett,* 539 F.2d 45, 49–51 (10th Cir.), *cert. denied,* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976).

The trial court clearly offered defendant representation by appointed counsel. It also offered defendant an opportunity to act pro se with the advice of appointed counsel. Nothing in the facts of this case indicates an abuse of discretion in denying the intermediate hybrid arrangement.

AFFIRMED.