972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
U.S. of America, Plaintiff-Appellee,
v.
Glenn Alin MARTINOFF, Defendant-Appellant.
 No. 92-5093.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 11, 1992
Decided: August 3, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-91-40-7)
 Michael Murchison, Murchison, Taylor, Kendrick, Gibson & Davenport, Wilmington, North Carolina, for Appellant.
 Margaret P. Currin, United States Attorney, John Bowler, Assistant United States Attorney, Raleigh, North Carolina; Thomas E. Booth, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.N.C.
 Affirmed.
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Glen Alin Martinoff appeals from his jury conviction of bank robbery in violation of 18 U.S.C. § 2113(a) (1988 & Supp. I 1989). Because we find that the evidence was sufficient to support the jury verdict and because we find that the trial court's order in regard to peremptory challenges was harmless error, if error at all, we affirm.
 
 
 2
 The parties stipulated before trial that Appellant entered a savings and loan insured by the FDIC and removed $4734 from teller drawers in the presence of three bank employees and a customer. The only disputed issue at trial was whether Appellant's conduct was sufficient to establish intimidation under § 2113(a).
 
 
 3
 All three bank employees testified that Appellant leaped over a gate which separated the teller area from the rest of the bank. Two of the tellers stated that they stepped away from their stations as he entered, and although all three noticed that one of Appellant's hands was covered with a white paper towel, only one stated that she thought it might have been a weapon. The bank employees described their reactions in various ways: "frightened," "intimidated," and "stunned."
 
 
 4
 In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 5
 To establish a taking by intimidation in violation of § 2113(a), evidence must show that a defendant's conduct was "reasonably calculated to produce fear" and that "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." United States v. Wagstaff, 865 F.2d 626, 627-28 (4th Cir.), cert. denied, 491 U.S. 907 (1989) (citations omitted). A robber's leap over a teller counter is sufficient intimidation. See United States v. Lucas, 619 F.2d 870, 871 (10th Cir. 1980). Since a jury could reasonably find that Appellant's actions, including his leap over the gate into the teller area with bank employees nearby, his statement that, "This is a robbery," and the concealment of one of his hands in a towel, constituted intimidation calculated to produce fear, the evidence was sufficient to support Martinoff's conviction.
 
 
 6
 Appellant next alleges that the trial court committed reversible error when it required the parties to state their reasons for exercising peremptory challenges of prospective jurors.* Though the court excused all of the jurors Appellant challenged, Appellant alleges that the court's order had "a chilling effect on free exercise of his peremptory challenges." Appellant states that the court"allowed each side to exercise the peremptory challenges it desired," and does not specifically allege how he was hampered by any "chilling effect" resulting from the court's order. Since we are unpersuaded that the "error" of which Appellant complains contributed to the jury's verdict, we need not decide whether this procedure is permissible. See Chapman v. California, 386 U.S. 18 (1967). Therefore, we affirm Martinoff's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The record does not show why the court insisted on this procedure, but the government contends that the court was motivated by a desire to prevent improper discrimination by both parties in the exercise of their peremptory challenges