**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Marlin SLATER,
Defendant-Appellant.**

No. 81–2445.

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 1982.

Claude C. Wild III of Wiggins & Smith, P. C., Denver, Colo., for defendant-appellant.

Linda A. Surbaugh, Asst. U. S. Atty., Denver, Colo. (Robert N. Miller, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and LOGAN, Circuit Judges.

SETH, Chief Judge.

Robert Marlin Slater was convicted at a jury trial of bank robbery by force or intimidation in violation of 18 U.S.C. § 2113(a). He appeals asserting several errors.

The record shows that an unmasked man entered a federally insured savings and loan building in Colorado. He walked unhesitatingly behind the counter and began to remove cash from the tellers' drawers. He

did not speak or interact with anyone, beyond telling a bank manager to "shut up" when she asked him what he was doing. The bank personnel, who had been trained to remain calm and to cooperate in such a situation, were neither hurt nor overtly threatened with harm. All testified to being badly frightened, however.

Shortly after the incident the defendant-appellant, Mr. Slater, was identified as a possible suspect. A photographic array which contained his picture was composed and shown to the witnesses. Several witnesses identified defendant's picture as that of the robber although two of these identifications were uncertain. The photograph of Mr. Slater that was used for the array had been obtained pursuant to an unrelated arrest that had been held to be illegal. At trial three witnesses, all of whom had been shown the photographic array, made positive in-court identifications of defendant as the robber.

■ Defendant asserts error in the introduction into evidence of the photographic array. He argues that his photograph used in the array was inadmissible because it was taken after an illegal arrest and was thus the "fruit of the poisonous tree." We do not decide this point, but find instead that the error of allowing the photograph into evidence, if any, was harmless because of the in-court identification of the defendant.

In a case very similar to the one at bar, the Supreme Court held that an in-court identification could be valid, and could support the conviction, even if an earlier identification by the same witness relied on evidence illegally obtained through another arrest. *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537. The Court observed that an in-court identification by a witness who had been exposed to tainted evidence was not an attenuation of the illegal evidence, but a distinct piece of evidence independently admissible. Several factors there rendered in-court identification evidence separate from evidence that might be the fruit of the poisonous tree. These included the presence of the witness and the defendant in the courtroom as their presence provided an opportunity for immediate comparison and confrontation which helped ensure that the identification would be independent of tainted evidence previously seen. These considerations are satisfied in the present case.

Another factor considered in *Crews* was an eyewitness' ability to reach behind the tainted evidence and make an identification based on memories of the crime itself, rather than on evidence obtained by the police. With regard to this factor, the Court notes that identification procedures using possibly illegal evidence can be very suggestive, and that the record should be examined for factual indications that the witness is remembering the crime and not a later illegal lineup or photograph. The Court in *Crews* points to *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, for some guidance in determining the extent of the influence of an improper pretrial identification. Although *United States v. Wade* involved a lineup rather than a photograph, many of the considerations listed there apply to the present case and argue for the validity of the in-court identifications of Mr. Slater.

Thus the witnesses here had each actually seen the crime committed at close hand, there was little discrepancy between the pretrial descriptions and the defendant's actual description, there was no identification of another person or failure to identify the defendant, and the person who committed the crime made no attempt to conceal his face. *See Wade,* at 241, 87 S.Ct. at 1939. Further, one of the witnesses specifically testified that her in-court identification was not based on the photographic array, but only on her observations at the time of the robbery. In the light of these facts, we hold that the in-court identifications of Mr. Slater were independently valid and that if there was any error in the failure to suppress the photographic array it was harmless. *United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537; *accord, United States v. Moore,* 487 F.2d 414 (10th Cir.).

The defendant moved for a judgment of acquittal based on the intimidation element of the offense. There was just the charge of robbery "by force or intimidation," and there was shown to be no weapon and no verbal threats. He thus urges that as a matter of law there was no intimidation. We cannot agree as there remained a fact question. The test adopted by this court to determine intimidation is not a purely objective one. *United States v. Crouthers,* 669 F.2d 635 (10th Cir.). Instead, we have looked to three things: (1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in their fear of death or injury. *United States v. Shannahan,* 605 F.2d 539 (10th Cir.). *See United States v. Beasley,* 438 F.2d 1279 (6th Cir.).

▮ In the case before us the defendant although quiet was forceful and purposeful in his acts after entering into the area occupied by the tellers and in taking money from their cash drawers. It was aggressive behavior which very well could have been considered as intimidating by the jury. An incident of this kind obviously created a dangerous situation. There is a combination of objective and subjective factors. *See United States v. Lucas,* 619 F.2d 870 (10th Cir.). A jury could conclude on these facts that the person intended and relied upon the surprise and fear of the bank personnel in order to carry out the crime with the cool deliberation that this method showed. Also, a jury could find that an expectation of injury was reasonable in the context of an incident of this kind where a weapon and a willingness to use it are not uncommon. The defendant urges that it was error for the trial court not to instruct on bank larceny (18 U.S.C. § 2113(b)) as a lesser included offense in bank robbery (18 U.S.C. § 2113(a)) on which he was charged and convicted. The defendant tendered such an instruction. The crime of bank robbery contains all the elements of bank larceny. *United States v. Carter,* 540 F.2d 753 (4th Cir.); *Larson v. United States,* 296 F.2d 80 (10th Cir.).

In *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844, the Supreme Court stated:

> "[I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater."

Clearly, the jury reasonably could have found defendant guilty of bank larceny while not of bank robbery. As the discussion above suggests, the question of intimidation, which is the only distinction relevant here between the two crimes, is a close factual issue that the jury could have decided either way. Thus a lesser included offense instruction on bank larceny requested by the defendant was required and the failure to give that instruction was prejudicial error. The standards or requirements set forth in *United States v. Burns,* 624 F.2d 95 (10th Cir.), were met, and under *United States v. Pino,* 606 F.2d 908 (10th Cir.), no discretion was left although the rule may be in such terms.

The case is remanded to the trial court for further proceedings consistent with this opinion.