**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Albert LAJOIE, Defendant–
Appellant.**

**No. 90–1221.**

United States Court of Appeals,
Tenth Circuit.

Aug. 7, 1991.

Certiorari Denied Oct. 15, 1991.

See 112 S.Ct. 328.

Daniel J. Sears of Daniel J. Sears, P.C., Denver, Colo., for defendant-appellant.

David M. Conner, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before McKAY and SETH, Circuit Judges, and BROWN,[1] District Judge.

McKAY, Circuit Judge.

Defendant-appellant Michael Albert Lajoie appeals from his conviction by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) (1988). On appeal, Lajoie contends that the district court erred in (1) failing to instruct the jury on the offense of bank larceny; (2) sentencing him for bank robbery instead of bank larceny; and (3) improperly instructing the jury on the elements of bank robbery. We affirm.

### Background

On December 23, 1989, a man later identified as Lajoie entered the First Federal Savings Bank of Colorado and approached bank teller Michelle Graham. Lajoie handed Graham a note that stated "have gun—give me all money—keep smiling!!! No games!!!" Graham, who later testified that she was terrified during the incident,[2] gave Lajoie the money he demanded. Tr. at 36, 49, 66. Lajoie then left the bank but was quickly apprehended by a bank security guard and handed over to Denver police officers. At the time of his arrest, Lajoie was still carrying the note he had given Graham and the money he had received from her.

A federal grand jury subsequently indicted Lajoie for bank robbery in violation of 18 U.S.C. § 2113(a). At his trial, Lajoie admitted that he handed Graham the note and that it was intended to "trick" her into cooperating with him. Tr. at 159. The jury convicted Lajoie of bank robbery and the district court sentenced him accordingly. This appeal followed.

### Discussion

A. Failure to instruct on bank larceny

■ At the close of trial, Lajoie requested that the jury receive instruction on the offense of bank larceny, as set forth in 18 U.S.C. § 2113(b), on the theory that it is a lesser-included offense of bank robbery. The district court refused the proffered instruction over Lajoie's objection. Lajoie claims on appeal that this refusal was incorrect as a matter of law and requires that his conviction be reversed. We review this issue of law de novo. See Heins v. Ruti–Sweetwater, Inc. (In re Ruti–Sweetwater, Inc.), 836 F.2d 1263, 1266 (10th Cir. 1988).

Rule 31(c) of the Federal Rules of Criminal Procedure provides that a defendant may be found guilty of an offense "necessarily included in the offense charged." The Supreme Court has held that an offense is "necessarily included" under this rule only if the elements of that offense are a subset of the elements of the charged

---

1. Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

2. Several other witnesses also testified that Graham appeared distraught after the incident. See Tr. at 71–73 (testimony of Kathleen Schrader); id. at 96–97 (testimony of Dale Burkhart).

offense. *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). Thus, "[w]here the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." *Id.*

The district court held that bank larceny is not a lesser-included offense of bank robbery under this standard because the elements for bank larceny include proof that the defendant took property or money "with intent to steal or purloin," 18 U.S.C. § 2113(b),[3] an element that is not expressly stated in the statutory definition of the offense of bank robbery. *See* 18 U.S.C. § 2113(a).[4] In so ruling, the district court relied on the Ninth Circuit's decision in *United States v. Gregory*, 891 F.2d 732 (9th Cir.1989), in which the court applied the *Schmuck* test to this issue and reached the same result. *See id.* at 734. Lajoie argues that *Gregory* is not persuasive, and that the district court's decision relying on it should be reversed.

We need not reach this issue, however, because even if bank larceny is a lesser-included offense of bank robbery, Lajoie was only entitled to an instruction on this offense if, among other things, the element differentiating the two offenses was in dispute and a rational jury could have convicted him of the lesser-included offense of larceny while acquitting him of the greater offense of robbery. *See United States v. Dennison*, 937 F.2d 559 (10th Cir.1991); *United States v. Haar*, 931 F.2d 1368, 1371 (10th Cir.1991). The primary distinction between bank larceny and bank robbery is that only the latter requires proof that Lajoie obtained money from the bank "by force and violence, or by intimidation." 18 U.S.C. § 2113(a); *see United States v. Slater*, 692 F.2d 107, 109 (10th Cir.1982). In this case, it was essentially undisputed that Lajoie used his note to intimidate[5] Graham into giving him money. Thus, there is no evidence in the record supporting a finding that the lesser-included offense of bank larceny, which lacks the "force and violence or intimidation" element, was committed while the greater offense of bank robbery was not. *See Dennison*, 937 F.2d at 564 (affirming district court's refusal to give lesser-included offense instruction because evidence that defendant committed greater offense was so great that no rational jury could have convicted him of the lesser-included offense); *Haar*, 931 F.2d at 1372 (lesser-included offense instruction not required because differentiating element was not in dispute). Accordingly, we affirm the district court's decision not to instruct the jury on the offense of bank larceny.[6]

B. Accuracy of district court's instruction on bank robbery

■ Lajoie also argues that reversal is required because the district court incorrectly instructed the jury regarding the offense of bank robbery. In particular, Lajoie claims that the district court's instruction that bank robbery is the offense of taking "by force *or* violence *or* by intimi-

---

**3.** 18 U.S.C. § 2113(b) provides:

Whoever takes and carries away, with intent to steal or purloin, any property or money ... belonging to, or in the care, custody, control, management, or possession of any bank ... shall be fined no more than $5,000 or imprisoned not more than ten years, or both.

**4.** 18 U.S.C. § 2113(a) provides:

Whoever, by force and violence, or by intimidation, takes ... from the person or presence of another ... any property or money ... belonging to, or in the care, custody, control, management, or possession of, any bank ... [s]hall be fined no more than $5,000 or imprisoned not more than twenty years, or both.

**5.** Intimidation in the context of 18 U.S.C. § 2113(a) is defined as an act by defendant "reasonably calculated to put another in fear," *United States v. Graham*, 931 F.2d 1442, 1443 (11th Cir.1991); *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988), or "conduct and words ... calculated to create the impression that any resistance or defiance by the [individual] would be met by force." *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); *see Slater*, 692 F.2d at 109.

**6.** Because of our determination of this issue, we need not reach Lajoie's second issue on appeal, his challenge to being sentenced for the offense of bank robbery rather than that of bank larceny.

dation," Tr. at 223–24 (emphasis added), conflicts with the statute's specification that the taking occur "by force *and* violence, *or* by intimidation." 18 U.S.C. § 2113(a) (emphasis added).

Lajoie did not object to the challenged instruction before the district court. He is only entitled to relief for this allegedly erroneous instruction therefore, if it constituted plain error—that is, an error seriously affecting the fairness, integrity or public reputation of judicial proceedings. *See United States v. McDonald*, 933 F.2d 1519, 1524 (10th Cir.1991).

There is no question that the portion of the jury charge challenged by Lajoie is in fact erroneous. The statute clearly states the force and violence component of the robbery offense in the conjunctive, and neither this court nor the district court has the authority to transform this language to the disjunctive. The fact that certain pattern jury instructions include this error does not justify or excuse the district court's departure from the statutory requirements in stating the elements of the robbery offense to the jury. Given that the district court's error concerned the "force and violence" component of the robbery charge, however, rather than the alternate component of intimidation that was the exclusive focus of the government's case against Lajoie, we find that the district court's misstatement was harmless and thus does not require reversal of Lajoie's bank robbery conviction. *See United States v. Atkins*, 698 F.2d 711, 715 (5th Cir.1983) (bank robbery conviction may be based solely on evidence of intimidation).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.