986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Eli GARDUNO, Defendant-Appellant.
 No. 92-1174.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 1
 Before McKAY, Chief Judge, McWILLIAMS, Senior Circuit Judge, and SAFFELS, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, Senior District Judge.
 
 
 4
 In a one-count indictment, Billy Eli Garduno was charged with bank robbery, in violation of 18 U.S.C. § 2113(a) (Supp.1992). Specifically, Garduno was charged with knowingly taking "by force and violence, or by intimidation" money belonging to the Vectra Bank of Federal Heights, Colorado, a federally insured bank, from the person and presence of one of its employees, in violation of 18 U.S.C. § 2113(a). Over the government's objection, the jury was instructed not only on bank robbery (18 U.S.C. § 2113(a)), but also on bank larceny (18 U.S.C. § 2113(b)). The jury convicted Garduno on bank robbery, and he was sentenced under United States Sentencing Guidelines, § 2B3.1, to imprisonment for 51 months, followed by three years of supervised release, plus an order that he pay Vectra Bank $1.04 as restitution. Garduno appeals both his conviction and the sentence imposed thereon.
 
 
 5
 At the close of the government's case, defense counsel moved for a judgment of acquittal under Fed.R.Crim.P. 29, arguing that although there was sufficient evidence to show a bank larceny, as defined in 18 U.S.C. § 2113(b), the evidence was insufficient to show, even prima facie, bank robbery, as defined in 18 U.S.C. § 2113(a). Specifically, counsel argued that the government's evidence was insufficient to show that Garduno took money belonging to Vectra Bank from its employee "by force and violence, or by intimidation," as required by 18 U.S.C. § 2113(a). The district court denied this motion.
 
 
 6
 On appeal, Garduno's counsel argues that the district court erred in denying Garduno's motion under Fed.R.Crim.P. 29 for acquittal of the bank robbery charge.[1] We find no error. A brief recital of the government's evidence will put this matter in focus.
 
 
 7
 Garduno, wearing a blue and white bandanna, which covered his head and the top of his forehead, approached Lee Ann Coburn, a teller at the Vectra Bank of Federal Heights, placed a brown paper bag on the counter, and said, "I have a gun, put all of the money in the bag, all of it, and you have twenty seconds." Garduno then began counting backwards from twenty. Ms. Coburn picked up the brown paper bag and began filling it with currency from the teller drawer. In so doing, she pulled bait money from her drawer which activated a surveillance camera and the silent alarm. When Garduno reached eight or nine in his counting down, Ms. Coburn handed him the brown paper bag, which it was later determined contained $1,603. Garduno took the bag and walked out of the bank.
 
 
 8
 After leaving the bank, Garduno went to a nearby field. He hid the blue and white bandanna and the red windbreaker he was wearing behind a tree. He then proceeded to a nearby gas station, which is where he was waiting for a taxi when he was arrested by the police. All but $1.04 of the $1,603 taken from the bank was recovered. No weapon was ever found.
 
 
 9
 Ms. Coburn, the teller, was approximately 23 years of age and had worked for the bank approximately 18 months. She testified that she attempted to follow the rules given her by the bank concerning what she should do when confronted with a situation of this sort. However, she stated she forgot to put a dye pack into Garduno's bag because she was too nervous and afraid, and she thought Garduno might count to "zero" before she had a chance to give him all of her money. After Garduno left the bank, Ms. Coburn said she began to cry.
 
 
 10
 We think the foregoing summary of the government's evidence demonstrates that there is sufficient evidence to show that in getting the money from Ms. Coburn, Garduno used, at the very least, "intimidation," and more probably used "force and violence."
 
 
 11
 Recently, we defined "intimidation," as that term is used in 18 U.S.C. § 2113(a), as "conduct or words ... calculated to create the impression that any resistance or defiance by the [individual] would be met by force." United States v. Lajoie, 942 F.2d 699, 701 n. 5 (10th Cir.), cert. denied, 112 S.Ct. 328 (1991) (quoting United States v. Jones, 932 F.2d 624, 625 (7th Cir.1991)). To determine whether there is sufficient evidence of intimidation to support a conviction for bank robbery, we look at the following: "(1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in their fear of death or injury." United States v. Slater, 692 F.2d 107, 109 (10th Cir.1982) (citing United States v. Shannahan, 605 F.2d 539 (10th Cir.1979)).
 
 
 12
 We think the instant case meets the Slater test. Garduno told the teller he had a gun. Obviously, that statement created a potentially dangerous situation and was certainly intended to intimidate Ms. Coburn. And, we believe the circumstances were such as would reasonably put Ms. Coburn in fear. We are not here concerned with her degree of fear.[2]
 
 
 13
 As indicated, the district court sentenced Garduno pursuant to the Sentencing Guidelines, § 2B3.1, which pertains to "Robbery, Extortion and Blackmail." Garduno's counsel argues that the district court should have sentenced Garduno under § 2B1.1, which pertains to "Larceny, Embezzlement and Other Forms of Theft." This argument overlooks the fact that Garduno was convicted of bank robbery, not bank larceny. Such being the case, the district court properly applied § 2B3.1.
 
 
 14
 Judgment affirmed.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After the district court denied Garduno's motion for a judgment of acquittal, Garduno called no witnesses and the case was submitted to the jury
 
 
 [2]
 In United States v. Alsop, 479 F.2d 65, 67 (9th Cir.1973), the Ninth Circuit stated that under 18 U.S.C. § 2113(a), the "courageousness or the timidity of the victim is irrelevant" and that "it is the acts of the accused which constitute an intimidation." Otherwise "a fearless banker could never be robbed by intimidation." Id