42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Leon O'BRYANT, Defendant-Appellant.
 No. 94-1065.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and COOK,[2] District Judge.
 
 
 2
 Patrick O'Bryant appeals his conviction on two counts of bank robbery in violation of 18 U.S.C. 2113(a). He contends that the trial court erred in interpreting the elements of bank robbery and in finding sufficient evidence to convict. We affirm.
 
 
 3
 On September 3, 1993, O'Bryant walked up to a teller window in the World Savings and Loan Bank and asked to change a one dollar bill. According to the teller's testimony, when she opened her money drawer, O'Bryant reached over the counter and grabbed a stack of twenties. Simultaneously, the teller grabbed O'Bryant's arm and tried to close her drawer. O'Bryant pulled away, accidentally hitting the teller in the mouth and causing her lip to bleed in the process. The teller then realized that a robbery was occurring. Shocked, scared, and believing that she couldn't stop the robber without being hurt, she cooperated, allowing O'Bryant to take the money and run.
 
 
 4
 On September 8, 1994, O'Bryant entered the Colorado Savings Bank, walked to the counter, and asked the teller to change a one dollar bill. According to the teller's testimony, once she opened her cash drawer, O'Bryant leapt onto the counter, announced he had a gun, reached into her drawer and grabbed money. The teller believed O'Bryant carried the gun in a small bag which "clunked when it hit the counter."
 
 
 5
 Following his indictment, O'Bryant confessed to taking the money from the tellers' drawers, but he denied using force or intimidation. Thus, the use of force, violence, or intimidation in the commission of the crime was the only element of the bank robbery statute which the government needed to prove at trial.
 
 
 6
 We review issues of statutory interpretation de novo. See United States v. Diaz, 989 F.2d 391, 392 (10th Cir.1993). We also review de novo mixed questions of law and fact where the analysis is primarily legal, rather than factual. See First Nat'l Bank & Trust Co. v. Farmland Indus., 3 F.3d 1366, 1370 (10th Cir.1993); Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986). We review sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In applying this standard, we accept the credibility assessments of the trier of fact. United States v. McIntyre, 997 F.2d 687, 708 (10th Cir.1993), cert. denied, 114 S.Ct. 736 (1994).
 
 
 7
 O'Bryant contends that the trial court improperly collapsed two distinct elements of 18 U.S.C. 2113(a), thereby equating "intimidation" with the statute's separate element of "from the person or presence of another."[3] "The Court, in effect, found that whenever there is interaction' between the defendant and an individual, there is necessarily intimidation, and relied on ... United States v. Slater, 692 F.2d 107 (10th Cir.1982) to support that erroneous conclusion." Appellant's Br. at 8. Thus, O'Bryant argues that "the district court interpreted United States v. Slater too broadly," to allow a "finding of intimidation based merely on the inherent danger involved in any interaction between perpetrator and teller." Id. at 9.
 
 
 8
 Urging us to narrow Slater, O'Bryant points to the Fourth Circuit's criticism:
 
 
 9
 The flaw in [Slater's ] analysis ... is that it would seem to read the requirement of intimidation entirely out of the statute.... [T]he Slater approach ... substitutes a set of assumptions about the actions of a person taking money from a bank for the individualized analysis of that person's actual behavior called for by the 2113(a) "intimidation" requirement. This in effect eliminates the statutory command that the government prove intimidation as a separate element of the crime of bank robbery.
 
 
 10
 United States v. Wagstaff, 865 F.2d 626, 628-29 (4th Cir.), cert. denied, 491 U.S. 907 (1989).
 
 
 11
 However, the Fourth Circuit's concern completely overlooks the criteria we specified for determining intimidation in Slater: "(1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in the fear of death or injury."[4] Slater, 692 F.2d at 109 (citations omitted). Thus, even though the unmasked defendant in Slater made no overt threat and had no specific interaction with any bank personnel, we ruled that a trier of fact could find intimidation based on his aggressive behavior of entering the tellers' area and taking money from their cash drawers.
 
 
 12
 A jury could conclude on these facts that the person intended and relied upon the surprise and fear of the bank personnel in order to carry out the crime .... [and that] an expectation of injury was reasonable....
 
 Id.[5]
 
 13
 Contrary to O'Bryant's argument, the trial judge did not misapply Slater to find intimidation based solely on the tellers' presence during the robbery. Rather, the court referred to the specific context of the interaction, noting O'Bryant's acts and the tellers' reactions. On count one, the trial judge found that O'Bryant's behavior in grabbing across the counter for the money was a forceful act. R. Vol. 2 at 83. Finding that behavior to be aggressive, the court also cited the teller's credible, unrefuted testimony that she was scared, that she feared O'Bryant would hurt someone, that she believed she had no choice, and that she believed he would have used force if she hadn't allowed him to take the money. Thus, the court concluded that under either a subjective or an objective test, intimidation existed. Id. at 82. This interpretation of the statutory requirement follows Slater and is not erroneous. See Slater, 692 F.2d at 109.[6]
 
 
 14
 At oral argument, O'Bryant conceded that his argument against conviction on count two, which concerns the second robbery at the Colorado Savings Bank, was weaker than his case against count one. Even without this concession, we affirm the trial court's finding of force, violence, or intimidation based on O'Bryant's aggressively leaping on the counter and the teller's unrefuted testimony that O'Bryant stated he had a gun, which statement she believed. R. Vol. 2 at 83. See United States v. Lajoie, 942 F.2d 699, 700-01 (10th Cir.) (finding defendant's claim to have gun to be clear evidence of intimidation), cert. denied, 112 S.Ct. 328 (1991).
 
 
 15
 Further, viewing the evidence in the light most favorable to the prosecution, and accepting the trial court's assessment of witness credibility, we conclude that the evidence was sufficient to support O'Bryant's convictions beyond a reasonable doubt.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable H. Dale Cook, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 The bank robbery statute prohibits the taking "by force and violence, or by intimidation, ... from the person or presence of another, ... any property or money ... belonging to ... any bank, credit union, or any savings and loan association." 18 U.S.C. 2113
 
 
 [4]
 Indeed, Slater's criteria are much like the Fourth Circuit's requirement that "a defendant's conduct must be reasonably calculated to produce fear.' " See Wagstaff, 865 F.2d at 627 (citations omitted)
 
 
 [5]
 Ultimately, we concluded that the question of intimidation, which was the only relevant distinction between bank robbery and bank larceny, was a close factual issue that the jury could have decided either way. Slater, 692 F.2d at 109. Therefore, we held that the district court's refusal to give an instruction on the lesser included offense of bank larceny constituted reversible error. Noting that reversal, O'Bryant characterizes the above quoted Slater language as "somewhat dicta." We disagree with that characterization. Slater specifically appealed the district court's denial of his motion to acquit, arguing that "as a matter of law there was no intimidation." Id. In the quoted language, we specifically upheld the court's denial of that motion. See id. As a determination on an issue directly before us on appeal, our conclusion that the existence of intimidation was a proper jury question is not dicta
 
 
 [6]
 Other circuits also have found intimidation even in the absence of any overt threat or weapon. See, e.g., United States v. McCarty, 36 F.3d 1349, 1357-59 (5th Cir.1994); United States v. Smith, 973 F.2d 603, 604-05 (8th Cir.1992); United States v. Lucas, 963 F.2d 243, 248 (9th Cir.1992); United States v. Henson, 945 F.2d 430, 439 (1st Cir.1991)