UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-4978

BARRON BERNARD RAMSEY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
James C. Cacheris, Senior District Judge, sitting by designation.
(CR-00-99)

Submitted: June 20, 2002

Decided: July 2, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Barron Bernard Ramsey appeals his conviction on one count of bank robbery, 18 U.S.C. § 2113(a) (1994). We find that the district court properly denied Ramsey's motion to suppress Ramsey's confession. Further, the evidence was sufficient to convict Ramsey. We therefore affirm.

I

On April 7, 2000, the First National Bank in Bessemer City, North Carolina, a federally insured bank, was robbed. Crystal Brown, a teller, testified that Ramsey approached her and handed her a note stating, "This is a robbery. Don't do nothing stupid. I have a gun. Give me all your twenties." Brown complied. Brown stated that she initially thought that Ramsey was joking; however, once she realized that he was serious, she feared for her life.

Angela Suzanne Mauney, a detective, testified that a still photograph of the robber was obtained from the bank's surveillance video. Mauney contacted someone who was able to identify the robber as Ramsey. She then collected six photographs, including one of the robber, and showed them to Brown, who immediately identified Ramsey's photograph as that of the robber. Ramsey was arrested. He subsequently confessed to the crime. Mauney read Ramsey's confession at trial.

Ramsey was convicted and sentenced to 235 months in prison. He timely appeals.

II

Ramsey first challenges the district court's denial of his motion to suppress his confession, which he claims was unlawfully induced by the promise that if he cooperated, he would be released on bond. In reviewing the denial of a motion to suppress, we "review the district court's factual findings for clear error, and its legal conclusions de

novo." *United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir. 2001), *cert. denied*, 70 U.S.L.W. 3373 (U.S. Mar. 18, 2002) (No. 01-722). The district court's findings that Ramsey has an eleventh-grade education, that officers transporting him to the police substation following his arrest stopped to buy cigarettes for Ramsey and allowed him to smoke them, that he was not beaten, and that officers did not draw their guns once the arrest was effected are supported by testimony at the suppression hearing and are not clearly erroneous.

Further, the court's conclusion that the confession was voluntary is fully supported by the record. Based on the totality of the circumstances, there is no evidence suggesting that Ramsey's will was overborne or his capacity for self-determination critically impaired so that his confession was involuntary. *See United States v. Braxton*, 112 F.3d 777, 783 (4th Cir. 1997). The existence of a threat or promise that induced the confession does not necessarily invalidate a confession. *Id.*; *see United States v. Ceballos*, 812 F.2d 42, 50-51 (2nd Cir. 1987). The district court did not err in denying the suppression motion.

## III

Ramsey also claims that the evidence was insufficient to convict him. Applying the standard of *Glasser v. United States*, 315 U.S. 60, 80 (1942), we reject this argument. Ramsey robbed a federally insured bank. Further, an ordinary person in Brown's position would have inferred a threat of bodily harm from Ramsey's act of handing her a note that told her that he had a gun, demanded money, and instructed her not to do anything "stupid." *See United States v. Woodrup*, 86 F.3d 359, 363 (4th Cir. 1996); *United States v. Lajoie*, 942 F.2d 699, 700-01 (10th Cir. 1991).

## IV

We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*