**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

EDWARD DEAN McCRANIE, a/k/a
Edward Dean McCrainie,

      Defendant - Appellant.

No. 17-1058

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:16-CR-00198-LTB-1)**
_____

Submitted on the briefs:[*]

Virginia L. Grady, Federal Public Defender, and Howard A. Pincus, Assistant Federal
Public Defender, Office of the Federal Public Defender, Denver, Colorado, for
Defendant-Appellant.

Robert C. Troyer, United States Attorney, and James C. Murphy, Assistant United States
Attorney, Office of the United States Attorney, Denver, Colorado, for Plaintiff-Appellee.
_____

Before **HARTZ**, **SEYMOUR**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

**PHILLIPS**, Circuit Judge.

_____

We must determine whether a conviction for federal bank robbery

categorically qualifies as a crime of violence under the elements clause of the career-

offender sentencing guideline. We conclude that it does, so exercising jurisdiction

under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Edward Dean McCranie pleaded guilty to federal bank robbery. *See* 18 U.S.C.

§ 2113(a).[1] The presentence report (PSR) treated that conviction as a crime of violence

under U.S. Sentencing Guidelines (U.S.S.G.) Manual § 4B1.2(a)(1)—as it also did for

McCranie's earlier convictions for federal bank robbery, *see* 18 U.S.C. § 2113(a), and

Colorado aggravated robbery, *see* Colo. Rev. Stat. § 18-4-302(1)(d) (2017). With these

predicate convictions, McCranie qualified as a career offender under U.S.S.G.

---

[1] The relevant section of § 2113(a) reads:
Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . .
18 U.S.C. § 2113(a).
McCranie pleaded guilty under the force, violence, and intimidation clause of the statute in both federal bank robberies at issue in the career-offender determination. And the parties point us solely to that part of the statute.
The plea agreement for McCranie's earlier conviction was properly filed at the district court, *United States v. McCranie*, no. 16-cr-198-LTB, docket no. 40-1—though it isn't in the appellate record—and so we take judicial notice of it. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006).

§ 4B1.1(a).[2] As a career offender, McCranie's total offense level rose to 29, and his criminal history category rose to VI. *See* U.S.S.G. § 4B1.1(b). Under the sentencing table, the advisory guideline range is 151 to 188 months' imprisonment.

At the sentencing hearing, McCranie objected to the PSR's career-offender recommendation, arguing that none of his three referenced felony convictions qualify as a crime of violence. The district court rejected this argument. First, it noted that under our circuit's precedent Colorado robbery qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1). Second, it reached the same conclusion for federal bank robbery. So the district court applied the career-offender enhancement and sentenced McCranie to a mid-level, 175-month term of imprisonment.

## DISCUSSION

On appeal, McCranie raises the same issues: He claims that neither Colorado robbery nor federal bank robbery qualify as a crime of violence. But he "recognize[s] that this court has held that Colorado robbery is categorically a crime of violence."[3] Appellant's Opening Br. at 45 (citing *United States v. Harris*, 844 F.3d 1260, 1262, 1266 (10th Cir. 2017) (concluding that Colorado aggravated robbery, which requires

---

[2] Career-offender status attaches when "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[3] McCranie preserves this issue pending en banc or Supreme Court review. We address it no further in this opinion.

3

a "violent taking," satisfies the Armed Career Criminal Act's (ACCA) elements clause, 18 U.S.C. § 924(e)(2)(B)(i))); *see also United States v. Crump*, 674 F. App'x 802, 803 (10th Cir. 2017) (unpublished) ("Applying the same reasoning outlined in *Harris*, we conclude [the defendant's] Colorado robbery conviction qualifies as a crime of violence under § 4B1.2(a)(1).").

So we can resolve this appeal by deciding one issue—whether federal bank robbery by taking property by force, violence, or intimidation qualifies categorically as a crime of violence. If so, then McCranie qualifies as a career offender under § 4B1.1. We review de novo whether a prior conviction qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1). *See United States v. Maldonado-Palma*, 839 F.3d 1244, 1246 (10th Cir. 2016).

In the district court, the government relied on only the elements clause of § 4B1.2(a). Under that section, "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4B1.2(a)(1). In deciding whether McCranie's convictions qualify as crimes of violence under this language, we must determine whether his federal bank robbery offenses categorically meet the crime-of-violence definition without reference to the underlying facts of his convictions.[4]

---

[4] We assume, without deciding, that as McCranie suggests the categorical or modified categorical approach, not a fact-specific approach, applies to his instant offense.

4

*United States v. Armijo*, 651 F.3d 1226, 1230 (10th Cir. 2011). To decide if they do, we focus on the elements of the statute forming the basis of his convictions. *United States v. Taylor*, 843 F.3d 1215, 1220 (10th Cir. 2016) (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

The relevant portion of the federal bank-robbery statute requires a taking, or attempted taking, of property "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). The parties agree that "intimidation" captures the least culpable conduct supporting federal bank robbery. So for that crime to categorically be a crime of violence under § 4B1.2(a)(1), bank robbery by intimidation must require the threatened use of physical force. *See Harris*, 844 F.3d at 1268 n.9 ("In applying the categorical approach, the Supreme Court has instructed us to identify the least culpable conduct criminalized by the state statute.").

With all that in mind, we turn to McCranie's arguments: (1) that federal bank robbery can be committed without the use of physical force, and (2) that federal bank robbery committed by intimidation doesn't require the threatened use of physical force.

## A.       Non-Physical Force and Unarmed Bank Robbery

McCranie argues that a person can commit federal bank robbery without the use, attempted use, or threatened use of *physical* force. Specifically, he relies on this court's decisions in *United States v. Perez-Vargas*, 414 F.3d 1282, 1286 (10th Cir. 2005), and *United States v. Rodriguez–Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2008), arguing that "[o]ne can rob a bank by threatening to unleash anthrax, or some other poison or

5

hazardous chemical, and thus intimidate a teller by inducing fear. But this would not even involve physical force under this court's precedents, as chemical means are not physical ones." Appellant's Opening Br. at 20.

But as McCranie recognizes, we recently overruled the *Perez-Vargas* line of cases, concluding that the Supreme Court has "specifically rejected the contention that 'one can cause bodily injury without the use of physical force.'" *United States v. Ontiveros*, 875 F.3d 533, 536–37 (10th Cir. 2017) (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1414 (2014)). This defeats McCranie's argument that federal bank robbery by use of hazardous chemicals (or other "non-physical" means) isn't a crime of violence. McCranie now simply preserves this issue for en banc or Supreme Court review.

## B.    The Categorical Approach and Unarmed Bank Robbery

We turn to McCranie's other claim—that "intimidation" doesn't necessarily entail the threatened use of force.[5] Here, McCranie argues that federal bank robbery can occur even when an unusually timid bank teller feels intimidated, despite the lack of any objective threat. *See* Appellant's Opening Br. at 31 (discussing the "putting-in-fear possibility in this circuit's law, which depends on the result and not the means used."). So we must determine whether intimidation requires a threatened use of physical force.

Our cases answer that question. "We have defined intimidation in the context of § 2113(a) as an act by [the] defendant 'reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by

---

[5] McCranie made much of this argument in pursuit of the now-defunct non-physical-force exception. But it requires addressing anyway.

the individual would be met by force.'" *United States v. Valdez*, 158 F.3d 1140, 1143 (10th Cir. 1998) (quoting *United States v. Lajoie*, 942 F.2d 699, 701 n.5 (10th Cir. 1991)). This definition requires the objective threatened use of physical force.

The Tenth Circuit Criminal Pattern Jury Instructions are similarly demanding, stating, "To take 'by means of intimidation' is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm." Tenth Circuit Criminal Pattern Jury Instructions No. 2.77 (2018). And then, putting to rest any concerns of the too-timid teller, the instructions clarify that "a taking would not be by 'means of intimidation' if the fear, if any, resulted from the alleged victim's own timidity rather than some intimidating conduct on the part of the defendant. The essence of the offense is the taking of money or property accompanied by intentional, intimidating behavior on the part of the defendant." *Id.* Because intimidation requires an objectively reasonable fear of bodily harm, McCranie's argument fails.

Faced with this more-recent law, McCranie reaches backward to language from *United States v. Slater*, 692 F.2d 107, 109 (10th Cir. 1982), which provides a three-factor test for evaluating intimidation: "(1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in their fear of death or injury." 692 F.2d at 109. McCranie claims that under this test, one can commit federal bank robbery by merely putting an individual in fear. But the *Slater* test still requires an objectively reasonable fear of death or injury, frustrating McCranie's argument.

Taking stock of our cases and the pattern jury instructions, every definition of intimidation requires a purposeful act that instills objectively reasonable fear (or expectation) of force or bodily injury. *Cf. Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (stating that the categorical approach's "focus on the minimum conduct criminalized by the . . . statute is not an invitation to apply 'legal imagination' to the [predicate] offense; there must be 'a realistic probability, not a theoretical possibility,'" that the statute would be so applied (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007))). So intimidation thus qualifies as a threatened use of physical force against the person of another. And McCranie's federal bank robbery convictions categorically qualify as crimes of violence.

Other circuits agree.[6] As the Seventh Circuit explained, "[t]here is no 'space' between 'bank robbery' and 'crime of violence.' A defendant properly convicted of bank

---

[6] The First, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits, as well as the Eleventh Circuit in an unpublished case, have concluded that federal bank robbery by intimidation requires the threatened use of physical force against the person of another under § 4B1.2(a)(1). *See United States v. Wilson*, 880 F.3d 80, 84–85 (3d Cir. 2018); *United States v. Ellison*, 866 F.3d 32, 35 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017); *United States v. Harper*, 869 F.3d 624, 626–27 (8th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016) ("We reject [the defendant's] contention that daylight can be found between 'intimidation' and 'threatened use of physical force.'"); *United States v. Jenkins*, 651 F. App'x 920, 925 (11th Cir. 2016) (unpublished); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). And courts have reached the same conclusion under the ACCA's identically worded elements clause. *See, e.g.*, *United States v. McNeal*, 818 F.3d 141, 153, 157 (4th Cir. 2016).

We also find persuasive similar unpublished decisions of this court. *See United States v. Ybarra*, No. 17-2131, 2018 WL 1750547, at *4 (10th Cir. Apr. 12, 2018) (unpublished) (concluding that federal bank robbery by intimidation is a "violent felony" under the elements clause of the ACCA); *United States v. McGuire*, 678 F. App'x 643,

robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." *Jones*, 932 F.2d at 625 (finding that federal bank robbery committed by intimidation is categorically a crime of violence under the guidelines). Bank robbery by intimidation involves the threatened use of physical force, and so the district court correctly labeled McCranie's instant and prior convictions crimes of violence.[7]

## CONCLUSION

For the above reasons, we affirm the district court.

---

645 (10th Cir. 2017) (unpublished) (concluding that federal bank robbery by intimidation is a crime of violence under the elements clause of § 4B1.2).

[7] McCranie makes additional arguments we don't reach, having concluded that his federal bank robbery convictions are categorically crimes of violence.