**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS GUADALUPE SANCHEZ-
FELIX, a/k/a Carlos Felix-Sanchez,

    Defendant - Appellant.

No. 22-1188
(D.C. No. 1:21-CR-00310-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT\***
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Carlos Guadalupe Sanchez-Felix, a federal prisoner, challenges his conviction for violating 8 U.S.C. § 1326, Illegal Reentry After Removal from the United States. He was charged under § 1326 in the United States District Court for the District of Colorado. After the district court denied his motion to

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismiss, he entered a conditional guilty plea to preserve his right to appeal. We have jurisdiction over the final judgment under 28 U.S.C. § 1291, and we affirm.

On appeal, Sanchez-Felix raises one issue: he argues that § 1326 is unconstitutional under the Due Process Clause of the Fifth Amendment because it was enacted with a racially discriminatory intent and has a disparate impact on Latinos. But as he acknowledges, we recently rejected this same argument in *United States v. Amador-Bonilla*, 102 F.4th 1110 (10th Cir. 2024). There, we held that "8 U.S.C. § 1326 does not violate the Fifth Amendment." *Id.* at 1113. In doing so, we joined "four of our sister circuits that have upheld 8 U.S.C. § 1326 against challenges on the same grounds." *Id.*

We are bound to follow this published opinion unless a contrary Supreme Court or en banc opinion from our Circuit overrules *Amador-Bonilla's* holding. *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022). Indeed, Sanchez-Felix agrees that we are bound to affirm the district court; he states that his appeal is only to preserve his argument. As a result, we end our analysis and affirm the district court. *See United States v. McCranie*, 889 F.3d 677, 678 n.3 (10th Cir. 2018) (explaining that when a defendant "preserves" an "issue pending en banc or Supreme Court review[,]" we "address it no further").

2

AFFIRMED.

Entered for the Court


Richard E.N. Federico
Circuit Judge