**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRENT EUGENE SANCHEZ,

Defendant-Appellant.

No. 18-8002
(D.C. Nos. 2:16-CV-00124-ABJ
2:04-CR-00055-ABJ-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Brent Eugene Sanchez seeks a certificate of appealability ("COA") to challenge the district court's order denying his motion under 28 U.S.C. § 2255. However, through his counsel, Mr. Sanchez admits that his application for a COA must fail because this court has recognized the abrogation of the line of cases upon which Mr. Sanchez's bid for relief depends. We **deny** Mr. Sanchez's application for a COA and **dismiss** this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In March 2004, Mr. Sanchez was charged in a seven-count indictment with crimes related to assaulting various victims with a firearm on an Indian reservation. Mr. Sanchez ultimately pleaded guilty to two counts of violating 18 U.S.C. § 924(c)(1)(A), which prohibits using or carrying a firearm in furtherance of, *inter alia*, a crime of violence. The alleged crime of violence in question was violating WYO. STAT. ANN. § 6-2-502(a)(iii), which states that: "A person is guilty of aggravated assault and battery if he . . . [t]hreatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another." *See* R. at 43, 44 (Mr. Sanchez's indictment, which lists WYO. STAT. ANN. § 6-2-502(a)(iii) as the crime of violence Mr. Sanchez was committing with respect to the counts to which he pleaded guilty). In exchange for his guilty plea, the remaining counts were dismissed. The district court sentenced Mr. Sanchez to sixty months' imprisonment for the first count to which he pleaded guilty, and 232 months' imprisonment for the second, with the two terms of imprisonment to run consecutively. R. at 54 (Judgment, dated Aug. 30, 2004). Mr. Sanchez did not appeal his conviction or sentence.

In May 2016, following the Supreme Court's decisions in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015), and *Welch v. United States*, --- U.S. ----, 136 S. Ct. 1257 (2016), Mr. Sanchez filed his present § 2255 motion.

2

Mr. Sanchez argued that *Johnson* invalidated § 924's residual clause, and that he had been sentenced under that clause. The motion also argued that Mr. Sanchez's § 924 convictions could not stand under the statute's elements clause. The district court denied Mr. Sanchez's § 2255 motion and denied a COA. R. at 158 (Order, dated Nov. 29, 2017). Mr. Sanchez now applies to this court for a COA.

## II

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzales*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C. § 2253(c)(1)(B). The district court denied Mr. Sanchez's claim on the merits. When "a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III

Section 924(c)(1)(A) prescribes mandatory minimum sentences for individuals "who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime,

3

possesses a firearm[.]"[1]  In turn, § 924(c)(3) defines the term "crime of violence" to mean:

> an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is § 924's elements clause, and subsection (B) is the statute's residual clause.  In *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), we held that § 924's residual clause was unconstitutionally vague.  The district court, in denying Mr. Sanchez's § 2255 motion, nevertheless found that WYO. STAT. ANN. § 6-2-502(a)(iii) counted as a crime of violence under the elements clause.

In his § 2255 motion and related briefing, Mr. Sanchez argued that WYO. STAT. ANN. § 6-2-502(a)(iii) does not define a crime of violence under the elements clause because a person could be liable under § 6-2-502(a)(iii) for threatening another person with "a noxious chemical," such as acid or mace.  R. at 12.  Under this circuit's holding in *United States v. Rodriguez-Enriquez*, 518

---

[1]  Section 924(c) sets forth a five-year mandatory minimum sentence for a first offense, and a twenty-five-year mandatory minimum for a "second or subsequent conviction," and also requires that terms of imprisonment for multiple violations should run with each other consecutively rather than concurrently.  18 U.S.C. § 924(c)(1)(A)–(D).

F.3d 1191, 1194 (10th Cir. 2008), *abrogation recognized by United States v. McCranie*, 889 F.3d 677, 679 (10th Cir. 2018), Mr. Sanchez argued that this kind of threatened use of force (i.e., threatened use of chemical, rather than mechanical, force) was insufficient to expose him to liability under the elements clause. The district court rejected Mr. Sanchez's argument based on *Rodriguez-Enriquez*, finding that case (as well as other cases standing for the same proposition—*viz.*, that only mechanical force qualifies as the use or threatened use of physical force) was inapplicable in light of the Supreme Court's recent decision in *United States v. Castleman*, --- U.S. ----, 134 S. Ct. 1405 (2014). R. at 151–57.

In *Rodriguez-Enriquez*, this court considered the definition of "crime[s] of violence" under § 2L1.2 of the Sentencing Guidelines. 518 F.3d at 1192. The application note to § 2L1.2 defined this term to encompass "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* (quoting U.S. SENTENCING GUIDELINES MANUAL § 2L1.2, cmt. n.1(B)(iii) (U.S. SENTENCING COMM'N 2007)). We interpreted the term "physical force," distinguishing between force that is the result of "mechanical impact," and that which "is achieved by chemical action," such as poisoning. *Id.* at 1194. The former, mechanical kind of force qualified as physical force against the person of another; the latter, chemical kind did not.

5

However, following the Supreme Court's decision in *Castleman*, we have recognized that *Rodriguez-Enriquez* is no longer good law. We first recognized *Rodriguez-Enriquez*'s abrogation in *United States v. Ontiveros*, 875 F.3d 533, 536 (10th Cir. 2017), holding that: "The government argues, and we agree, that [*United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005)] and *Rodriguez-Enriquez* relied on reasoning that is no longer viable in light of *Castleman*." We noted *Castleman*'s holding that "knowing or intentional causation of bodily injury <u>necessarily</u> involves the use of physical force," as well as that case's determination that poisoning a victim involves the use of physical force against the person of another. *Ontiveros*, 875 F.3d at 536 (quoting *Castleman*, 134 S. Ct. at 1414).

In the present case, Mr. Sanchez admits (through counsel) that his argument for relief "is dependent on this Court's holding in *Rodriguez-Enriquez*." Aplt.'s Opening Br. at 7. He concedes that, because we are bound by our holding in *Ontiveros*, we must deny him a COA. *Id.* ("This Court held in *Ontiveros*, that *Rodriguez-Enriquez* is no longer good law. Accordingly, this Court is bound by precedent to deny Mr. Sanchez's request for a COA." (citations omitted)). Mr. Sanchez is correct on this point—we are not at liberty to reconsider the holding of *Ontiveros*, and as such, reasonable jurists would not find debatable the district court's conclusion that *Castleman* forecloses the theory of relief Mr. Sanchez propounded under the *Rodriguez-Enriquez* line of cases. *See Green Sol. Retail,*

6

*Inc. v. United States*, 855 F.3d 1111, 1115 (10th Cir. 2017) ("[W]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (quoting *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015))); *accord United States v. Nichols*, 169 F.3d 1255, 1261 (10th Cir. 1999). Mr. Sanchez nonetheless applies for a COA in order to preserve the salient issues in his case for further review. In light of Mr. Sanchez's concession that he is not entitled to a COA, and our assessment of the controlling precedent, we now deny Mr. Sanchez a COA.

**IV**

For the reasons above, we **DENY** Mr. Sanchez a COA and **DISMISS** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge