FILED
United States Court of Appeals
Tenth Circuit

November 21, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT O'DELL NEIHART,

    Defendant - Appellant.

Nos. 17-2164 & 17-2192
(D.C. Nos. 1:16-CV-00708-WJ-CG &
1:12-CR-02687-WJ-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

In these consolidated appeals, Robert O'Dell Neihart seeks a certificate of

appealability (COA) to challenge the denial of his 28 U.S.C. § 2255 motion and the

dismissal of his Fed. R. Civ. P. 60(b) motion. He also appeals the denial of his motion

for an indicative ruling under Fed. R. Civ. P. 62.1.[1] We deny a COA to appeal the denial

of his § 2255 motion, construe the appeal from the dismissal of the Rule 60(b) motion as

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] No. 17-2164 challenges the denial of the § 2255 motion. No. 17-2192 challenges the denial of his motions under Rules 60(b) and 62.1. Although there are separate records in each matter, for simplicity we cite the record in No. 17-2192.

a request for authorization to file a second or successive § 2255 motion, deny authorization, and affirm the denial of the Rule 62.1 motion.

## I

Mr. Neihart pleaded guilty to armed bank robbery, *see* 18 U.S.C. § 2113(a) & (d), and using a firearm during a crime of violence, *see id.*, § 924(c)(1)(A)(i)-(iii). As part of his plea agreement, he agreed to waive certain appellate rights and any collateral challenge to his conviction except claims of ineffective assistance of counsel in negotiating or entering the plea or the waiver. The district court accepted the plea and sentenced Mr. Neihart to 148 months in prison. He did not appeal.

On June 25, 2016, however, Mr. Neihart moved to vacate his sentence under 28 U.S.C. § 2255. He argued that his § 924(c) conviction was unlawful in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional). After a full round of briefing, a magistrate judge determined that Mr. Neihart's § 2255 motion should be dismissed because it was barred by his postconviction waiver. Mr. Neihart objected pro se, arguing that the waiver was unenforceable because his counsel rendered ineffective assistance by deceiving him into accepting the plea agreement. The district court determined, however, that this ineffective-assistance argument was waived because it was raised for the first time in Mr. Neihart's pro se objections. Moreover, the court determined on the merits that § 2255 relief was unavailable because armed bank robbery is a crime of violence. Thus,

the district court denied the § 2255 motion. It did not grant a COA. Judgment entered on August 28, 2017, and Mr. Neihart filed a pro se notice of appeal.

After entry of judgment the district court appointed Mr. Neihart new counsel, who filed a Rule 60(b) motion "to allow reconsideration of his habeas petition," R., Vol. 1 at 104 (capitalization omitted). The Rule 60(b) motion argued that Mr. Neihart's prior attorney was ineffective in negotiating the plea agreement, executing the postconviction waiver, and failing to anticipate *Johnson*. It also challenged the district court's conclusion that armed bank robbery qualifies as a crime of violence.

Further, recognizing that Mr. Neihart had already filed his notice of appeal, his new counsel sought in conjunction with the Rule 60(b) motion an indicative ruling under Fed. R. Civ. P. 62.1(a). That provision allows the district court to indicate to the court of appeals whether it would grant a Rule 60(b) or some similar motion during the pendency of an appeal when the district court has been divested of jurisdiction. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2911 (3d ed.). It states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). Mr. Neihart asserted that jurisdiction had passed to this court by the filing of the appeal, but he urged the district court to issue an indicative ruling that it would grant Rule 60(b) relief upon remand from us.

The district court denied the motion, ruling it had no jurisdiction to consider the Rule 60(b) motion because Mr. Neihart's notice of appeal transferred jurisdiction to this court. Mr. Neihart appealed and now seeks a COA to challenge both the denial of his § 2255 motion and the denial of his Rule 60(b) motion.

II

*A. Standards Governing the § 2255 Motion*

To appeal the denial of his § 2255 motion, Mr. Neihart must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a final order denying relief under § 2255 unless the movant obtains a COA); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (COA is jurisdictional). To obtain a COA, Mr. Neihart must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We engage in "an overview of the claims in the [§ 2255 motion] and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component

of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

Here, the district court offered both procedural and substantive grounds for denying the § 2255 motion. Procedurally, the court ruled that Mr. Neihart did not raise an ineffective-assistance claim until his pro se objections and, as a consequence, that theory was waived. This conclusion is not reasonably debatable because "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

Substantively, the district court determined that his § 924(c) claim failed on the merits because armed bank robbery is a crime of violence. Again, the district court's decision was not reasonably debatable. Under § 924(c), a "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), 18 U.S.C. § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"), *id.* § 924(c)(3)(B). The residual clause of § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018), *petition for cert. filed* (U.S. Oct. 3, 2018) (No. 18-428). But that still leaves the elements clause. And we have held that under the elements clause of the definition of "crime of violence" in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(1) (which is identical to the elements clause of § 924(c)(3)(A), except that it is a bit narrower in scope

5

because it omits the words "or property"), armed bank robbery is categorically a crime of violence. *See United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018), *petition for cert. filed* (U.S. Oct. 1, 2018) (No. 18-6257). Following *McCranie*, we have consistently held that armed bank robbery is a crime of violence under the elements clause of § 924(c)(1)(A). *See, e.g., United States v. Rinker*, No. 18-1227, ___ F. App'x ___, 2018 WL 3996828, at *2-3 (10th Cir. Aug. 21, 2018) (unpublished); *United States v. Hill*, No. 17-3124, ___ F. App'x ___, 2018 WL 3814915, at *2 (10th Cir. Aug. 9, 2018) (unpublished); *United States v. Smith*, 730 F. App'x 710, 711 (10th Cir. 2018) (unpublished), *petition for cert. filed* (U.S. Oct. 4, 2018) (No. 18-6237).[2] The district court's decision is not reasonably debatable, and we deny a COA.

### B. Standards Governing the Rule 60(b) Motion

Mr. Neihart also seeks a COA to appeal the denial of his Rule 60(b) motion. The district court based its denial on the ground that jurisdiction had transferred to this court. Rule 60(b) enables a movant to seek relief from a final judgment in certain circumstances, including mistake, newly discovered evidence, or, as Mr. Neihart asserts here, "any other reason that justifies relief." After a movant files an initial § 2255 motion, the district court must analyze a Rule 60(b) motion as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the [movant's] underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215

---

[2] We may consider nonprecedential, unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

(10th Cir. 2006); *see United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (applying analysis to § 2255 motions). Courts do treat a Rule 60(b) motion as "a 'true' 60(b) motion," however, if it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application," or if it "challenges a defect in the integrity of the federal habeas proceeding, provided that [it] does not itself lead inextricably to a merits-based attack on the disposition of the prior habeas petition." *Spitznas*, 464 F.3d at 1215-16 (citations and internal quotation marks omitted). When a district court correctly construes the motion as a true Rule 60(b) motion and denies it, we require a COA before considering the appeal. *Id.* at 1217-18. But a COA is not required if the motion is properly construed as a second or successive § 2255 motion. *Id.* at 1218. In that case we may, in our discretion, determine whether the movant is entitled to authorization to file a second or successive § 2255 motion. *Id.* at 1219 & n.8.

Mr. Neihart's Rule 60(b) motion was not a "true" 60(b) motion because, as indicated by its title, it simply sought "reconsideration of his habeas petition," R., Vol. 1 at 104 (capitalization omitted). The motion argued that Mr. Neihart's prior counsel was ineffective in negotiating the plea and postconviction waiver and failing to anticipate *Johnson*. It also challenged the district court's determination that armed bank robbery was a crime of violence under § 924(c). Indeed, as we understand Mr. Neihart's brief in this court, the sole purpose of granting relief under Rule 60(b) would be to enable him to reargue whether armed bank robbery is a crime of violence and obtain appropriate relief if it is not. This is a prime example of a Rule 60(b) motion that should be treated as a second or successive § 2255 motion. *See Gonzales v. Crosby,* 545 U.S. 524, 532 n.5

7

(2005) ("[A]n attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."); *Spitznas*, 464 F.3d at 1216 (providing as an example of a Rule 60(b) motion that should be treated as a second or successive habeas petition a "motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim" (brackets and internal quotation marks omitted)).  It follows, then, that the district court properly denied the Rule 62.1 motion:  given that the Rule 60(b) motion was an unauthorized second or successive motion, "the district court [did] not even have jurisdiction to deny the relief sought in the pleading," *Nelson*, 465 F.3d at 1148.

The remaining question is whether Mr. Neihart can satisfy the statutory requirements to file a second or successive § 2255 motion.  Under § 2255(h) we will authorize a second or successive § 2255 motion only if it contains (1) "newly discovered evidence" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Mr. Neihart cannot make either showing because his motion does not rely on new evidence and *Johnson* was previously available to him, as demonstrated by his original § 2255 motion.

III

We deny a COA, deny authorization to file a second or successive § 2255 motion,

affirm the denial of the Rule 62.1 motion, and dismiss these matters.[3]

Entered for the Court


Harris L Hartz
Circuit Judge

---

[3] Judge Holmes declines to opine on whether reasonable jurists could debate the district court's substantive rationale for denying Mr. Neihart's § 2255 motion. In Judge Holmes's view, it is neither necessary nor prudent to reach this issue. In all other respects, Judge Holmes joins the instant order.