**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | Nos. 18-6216 |
| | and 18-6217 |
| v. | (D.C. Nos. 5:18-CR-00034-SLP-1 |
| | and 5:18-CR-00108-SLP-1) |
| MARTIN LEE PARIS, | (W.D. Oklahoma) |
| Defendant - Appellant. | |

———————————————————

**ORDER AND JUDGMENT***
———————————————————

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.

———————————————————

Martin Lee Paris appeals from a decision of the district court sentencing him to a term of 188 months' imprisonment for robbing a bank in violation of 18 U.S.C. § 2113(a). He argues the district court erred by classifying him as a career offender within the meaning of USSG § 4B1.1(a) and that the sentence imposed, despite being within the Guidelines range, was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.    BACKGROUND

On April 9, 2018, Mr. Paris entered a bank in Kansas and handed the teller a note stating, "This is a Robbery. Just be Calm Everything will be alright. No die packs, start w/100's. Thank you and have a nice day." 18-6217 ROA, Vol. 2 at 29. Mr. Paris left the bank with $5,200 in cash. He evaded arrest until April 13, 2018, by, among other things, leading police on a high-speed chase and dyeing his hair black to change his appearance. Mr. Paris subsequently pleaded guilty to unarmed bank robbery under 18 U.S.C. § 2113(a).

Prior to sentencing, Mr. Paris's probation officer prepared a presentence investigation report ("PSR"). The PSR calculated Mr. Paris's base offense level as 20, *see* USSG § 2B3.1, adjusted to 24 because Mr. Paris had taken the property of a financial institution, *see* USSG § 2B3.1(b)(1), and recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, *see* USSG § 3C1.2.

The PSR also recommended an enhancement to an offense level of 32 because Mr. Paris "has at least two prior felony convictions of . . . a crime of violence" and is therefore a career offender. USSG § 4B1.1(a). Specifically, Mr. Paris committed two additional bank robberies in 1994, for which he received a sentence of seventy-eight months' custody followed by three years' supervised release. In 2002, less than two months after beginning that period of supervised release, Mr. Paris committed another bank robbery, resulting in the revocation of his supervised release. For the 2002 robbery, Mr. Paris received a sentence of 180 months' imprisonment, again to

2

be followed by three years' supervised release. Mr. Paris began this second term of supervised release in December 2017 and, in April 2018, committed the instant offense.

Because Mr. Paris clearly demonstrated acceptance of responsibility for the offense and timely notified authorities of his intention to enter a guilty plea, the PSR recommended a three-point reduction of the offense level to 29. Based on this total offense level, and Mr. Paris's criminal history category of VI, *see* USSG § 4B1.1(b) (assigning career offenders a criminal history category of VI), the PSR calculated a Guidelines range of 151 to 188 months' imprisonment.

Mr. Paris filed a sentencing memorandum, objecting to his classification as a career offender on the grounds that (1) bank robbery does not have the required element of "force" under USSG § 4B1.2(a), and (2) his 1994 conviction occurred too many years prior to the instant offense to satisfy § 4B1.1(a)'s requirement of "two prior felony convictions." Mr. Paris requested that the court impose a sentence below the Guidelines range or that his sentence for bank robbery run concurrently with the sentence imposed with the revocation of his supervised release. To support this request, Mr. Paris noted that he had not used violence or specifically threatened bank employees and that he had quickly taken responsibility for the bank robbery and consented to a transfer of venue sought by the prosecution. He also discussed his difficult childhood and gambling addiction, which contributed to his decision to rob the bank.

At a combined sentencing and revocation hearing, the district court overruled Mr. Paris's objections to his classification as a career offender and sentenced Mr. Paris to 188 months' imprisonment. In reaching this sentence, the district court was "mindful of [its] statutory duty" to "impose a sentence that is sufficient but no greater than necessary to fulfill the objectives of sentencing under the Sentencing Reform Act." 18-6217 ROA, Vol. 3 at 40. The district court considered each of the 18 U.S.C. § 3553 factors, noting in particular that Mr. Paris committed a serious offense and has an extensive criminal history, including other bank robberies committed while on supervised release for bank robbery. And although the district court recognized that the instant offense "could have been worse," 18-6217 ROA, Vol. 3 at 42, that Mr. Paris had swiftly accepted responsibility, and that Mr. Paris's unstable childhood and gambling addiction contributed to his criminal conduct, the court ultimately determined these considerations did not warrant a downward variance and sentenced Mr. Paris to a term of imprisonment within the Guidelines range.

Mr. Paris timely appealed.

## II.    ANALYSIS

On appeal, Mr. Paris raises the same objections to his classification as a career offender he raised below—that bank robbery does not include the requisite "force" to constitute a crime of violence under § 4B1.2 and that his 1994 conviction is simply too old to be used as a predicate offense. He also challenges his sentence as substantively unreasonable. We consider each argument in turn.

4

**1. Career Offender**

We review de novo each of Mr. Paris's objections to career-offender status. *See United States v. Abeyta*, 877 F.3d 935, 939 (10th Cir. 2017) ("We review the district court's interpretation and application of the Sentencing Guidelines de novo."); *see also United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015) ("Our review of whether a defendant's prior conviction constitutes a crime of violence under U.S.S.G. § 4B1.2 is de novo.").

With respect to Mr. Paris's first objection to career-offender status, a crime of violence must have "as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a). As Mr. Paris acknowledges, our court has already decided that federal bank robbery under 18 U.S.C. § 2113(a) includes the requisite element of force and constitutes a crime of violence. *See United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018). Our precedent thus forecloses Mr. Paris's first objection to career-offender status.

With respect to Mr. Paris's second objection, a prior conviction can be considered for career-offender status if it led to "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [the] fifteen-year period" prior to "the defendant's commencement of the instant offense." USSG § 4A1.2(e)(1); *see United States v. Patillar*, 595 F.3d 1138, 1140–41 (10th Cir. 2010). Mr. Paris objects to the use of his 1994 bank robbery conviction as a predicate offense, as it is "nearly 24 years old." Aplt. Br. at 13. But as Mr. Paris concedes, the "strict operation of the

guidelines . . . permit[s] this conviction to qualify as a predicate offense." *Id.*

Mr. Paris began his three-year term of supervised release for the 1994 bank-robbery conviction on September 24, 2002. His supervised release was revoked on July 15, 2004, after he pleaded guilty to the 2002 bank robbery, and the district court sentenced him to twenty-four months' imprisonment. USSG § 4A1.2(k)(2) allows that "revocation of . . . supervised release . . . may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e)," and directs the sentencing judge to determine the applicable time period using "the date of last release from incarceration on such sentence." Mr. Paris was confined on revocation of supervised release related to the 1994 bank robbery beginning in July 2004, less than 15 years prior to the instant offense committed in April 2018. Accordingly, the district court did not err in considering this conviction to be a prior conviction for purposes of career-offender status under § 4B1.1(a).

## 2. Substantive Reasonableness

We review sentences imposed by the district court for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). This review "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). When the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Mr. Paris may rebut

6

this presumption "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.*

Mr. Paris submits his within-Guidelines sentence is substantively unreasonable primarily based on (1) his gambling and substance abuse problems; (2) the manner in which he robbed the bank, without overtly threatening the teller or using a weapon; and (3) his difficult childhood. These assertions cannot overcome the presumptive reasonableness of the district court's within-Guidelines 188-month sentence. Indeed, the district court expressly considered each of these arguments when explaining its sentence in light of the § 3553(a) factors. The court stated that it considered Mr. Paris's difficult upbringing and understood that Mr. Paris's struggles with addiction and unstable childhood were "adverse influences . . . that impact[ed] [his] decision making." 18-6217 ROA, Vol. 3 at 44. It also acknowledged Mr. Paris's argument that his bank robberies "could have been worse" but maintained that bank robbery is a serious offense that could "terrify" bank employees despite being committed in an ostensibly non-violent manner. 18-6217 ROA, Vol. 3 at 40–44. Nevertheless, the court declined to grant a downward variance based largely on Mr. Paris's extensive criminal history and pattern of committing bank robberies while on supervised release. 18-6217 ROA, Vol. 3 at 44–45.

In short, the district court gave careful consideration to the Guidelines range and to Mr. Paris's arguments, but concluded that the § 3553(a) factors—most significantly promoting respect for the law, affording adequate deterrence, and protecting the public from Mr. Paris's further crimes—did not warrant a downward

7

variance. *See United States v. Barnes*, 890 F.3d 910, 917 (10th Cir. 2018) ("A sentence is more likely to be within the bounds of reasonable choice when the court has provided a cogent and reasonable explanation for it."). Given the "substantial deference" we afford to the district court's sentencing decisions, *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011) (quotation marks omitted), we cannot say a within-Guidelines 188-month sentence is unreasonable in this case.

## III.   CONCLUSION

For these reasons, we **AFFIRM** the district court's decision to sentence Mr. Paris to 188 months' imprisonment to be served concurrently to the revocation sentence imposed for Mr. Paris's violation of supervised release.

Entered for the Court


Carolyn B. McHugh
Circuit Judge